## HUDSPETH & CO. vs. DAVIS.

[PETITION FOR SUPERSEDEAS OF EXECUTION.]

1. *Constitutionality of "stay law" of* 1861, *prohibiting issue of executions on judgments.*—The fifth section of the act approved December 10, 1861, (entitled "An act to regulate judicial proceedings," and commonly known as the "stay law,") which prohibited the issue of an execution on a judgment, without the written consent of the defendant, until the expiration of twelve months from the ratification of a treaty of peace between the United States and the Confederate States, was unconstitutional and void, whether tested by the constitution of the United States, or by that of the Confederate States.

APPEAL from the Circuit Court of Henry.
Tried before the Hon. H. D. Clayton.

THIS was a petition by Jonathan Davis, to supersede and quash an execution against him, which was founded on a judgment rendered by said circuit court, at its fall term, 1861, in favor of R. T. Hudspeth & Co.; and was issued in June, 1866. The petition for the *supersedeas* was filed on the 22d October, 1866, and alleged that the judgment had been paid and satisfied by the defendant in April, 1862. The court overruled a demurrer to the petition, and an issue was then formed as to the fact of payment *vel non,* which was submitted to a jury. On the trial of this issue, it was proved that, in November, 1861, an execution was issued on this judgment, and placed in the hands of the sheriff of the county; and that on the 27th April, 1862, while said execution was still in the hands of the sheriff, the defendant made him a payment on account of it. The sheriff's receipt, which was offered in evidence by the plaintiff in the motion, specified that the payment was made "in full of interest, commissions, and costs"; and the testimony of the sheriff, on the part of the defendants in the motion, was to the same effect; while a witness introduced by the petitioner testified, that he was present when the payment was made, and that it included the entire amount due on the judgment. "This being all the evidence in the

cause, the court thereupon charged the jury, among other things, that Davis had a right, under the law at the time of the alleged payment, to pay to the sheriff, and the sheriff had the right to receive, the full amount of said execution, and satisfy the same. The defendants excepted to this charge, and requested the court to instruct the jury—1st, that unless the evidence preponderates to show that Davis paid the full amount of said execution, and that Hudspeth & Co. received the money, or otherwise sanctioned and approved the act of the sheriff in receiving the same, they should find for the defendants ; and, 2d, that under the law existing at the time of the alleged payment, the sheriff had no right to receive payment in full of said execution, unless authorized by the plaintiff therein, and that unless they believed, from the evidence, that the money was paid as alleged, and paid in pursuance of such an authorization, they must find for the defendants. The court refused these charges, and the defendants excepted to their refusal."

The overruling of a demurrer to the petition, the affirmative charge of the court, and the refusal of the charges asked, are now assigned as error.

W. C. OATES, for the appellants.

A. J. WALKER, C. J.—The fifth section of the act of 10th December, 1861, prohibited the issue of an execution, without the written consent of the defendant, until after the expiration of one year from the ratification of a treaty of peace between the Confederate States and the United States, except in certain specified cases, and under certain specified conditions. This act was void, whether tested by the constitution of the United 'States, or by that of the Confederate States.—*Ex parte Pollard*, 40 Ala. 77. The clerk and sheriff were certainly excusable in disregarding a law thus void; and their acts cannot be invalid, because they did disregard it. The sheriff, therefore, had authority, by virtue of the execution in his hands, to collect the full amount thereof; and having done so, such collection rendered him and his sureties liable therefor, and discharged the defendant from the judgment. Affirmed.